# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **Josh Ramirez** *Plaintiff,* v. **Perry's Restaurants LTD d/b/a Perry's Steakhouse and Grille; and Christopher V. Perry, individually.** *Defendants.* | **COMPLAINT** |

Josh Ramirez ("Plaintiff" or "Ramirez"), files this Complaint against Perry's Restaurants LTD ("PRL") and Christopher V. Perry (collectively, "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended ("FLSA").

## I. NATURE OF SUIT

1. In 1938, Congress passed the FLSA in an attempt to eliminate low wages, long hours, and provide American workers with a wage that would support a minimum standard of living.[1] The purpose of the FLSA is to provide "specific minimum protections to individual workers and to ensure that each employee covered by the Act ... receive[s] '[a] fair day's pay for a fair day's work' and [is] protected from 'the evil of "overwork" as well as "underpay." *Barrentine v. Arkansas-Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981).

---

[1] *See Martinez v. Behring's Bearings Service, Inc.*, 501 F.2d 104, 107 (5th Cir. 1974) ("[t]here can be no doubt that the purpose of the FLSA was and is to protect interstate employees by denying their employers the tool of toying with workers' wages when battling in the competitive market.")

1

2. Section 206 of the FLSA requires employers to compensate employees at a rate of not less than the minimum wage, which is currently $7.25 per hour. *See* 29 U.S.C. § 206(a). However, for tipped employees, employers may take a "tip credit" against the payment of the full minimum wage in an amount up to $5.12 per hour, using a portion of an employee's tips to satisfy the employer's minimum wage obligations to the employee. *See* 29 U.S.C. § 203(m).

3. The use of the tip credit results in a huge savings to employers who, by properly utilizing the tip credit, are relieved of their obligation to pay the full minimum wage and, instead, if all preconditions for taking a tip credit are satisfied, may pay tipped employees as little as $2.13 per hour.

4. In utilizing the tip credit defense, the FLSA specifically sets forth the conditions an employer[2] must satisfy: 1) the employer must inform the employee that it will take a tip credit; and 2) the employer must allow its tipped employees to retain all the tips they receive, except those tips included in a lawfully administered tip pool. *Id.*; *See also* 29 C.F.R. §§ 531.59 and 526.28. "What the Congress has said, in effect, to restaurant employers is that, if you precisely follow the language of 3(m) . . . you may obtain a . . . credit from the receipt of tips toward your obligation to pay the minimum wage. The corollary seems obvious and unavoidable: if the employer does not follow the command of the statute, he gets no credit." *Dorsey v. TGT Consulting, LLC*, 888 F. Supp. 2d 670, 681 (D. Md. 2012) (quoting, *Richard v. Marriott Corp.*, 549 F.2d 303, 305 (4th Cir. 1977). "Congress, in crafting the tip credit provision of section 3(m) of the FLSA did not create a

---

[2] *See Pedigo v. Austin Rumba, Inc.*, 722 F. Supp. 2d 714, 724 (W.D. Tex. 2010) (quoting *Bernal*, 579 F.Supp.2d at 808) ("[d]efendants, as the employers, bear the burden of proving that they are entitled to taking tip credits."); *Whitehead v. Hidden Tavern Inc.*, 765 F. Supp. 2d 878, 881-82 (W.D. Tex. 2011) (The burden of proof is not upon plaintiffs under the circumstances of establishing a tip credit.)

middle ground allowing an employer both to take the tip credit and share employees' tips." *Chung v. New Silver Palace Restaurant, Inc.*, 246 F. Supp. 2d 220, 230 (S.D.N.Y. 2002)).

5. The FLSA and the Department of Labor have further promulgated rules to ensure that tipped employees who are paid subminimum hourly wages, are spending the bulk of their time working in and performing tip-producing tasks. *See Rafferty v. Denny's Inc.*, 13 F.4th 1166, 1169 (11th Cir. Sep. 35, 2021) ("even the best servers with the most magnanimous customers cannot earn tips during the periods their employers require them to engage in non-tipped work."); *see also* 29 C.F.R. § 531.56.

6. Defendants have a policy and practice of paying all its servers, including Plaintiff, a subminimum hourly wage of less than $7.25 per hour pursuant to the tip credit provisions of the FLSA. However, Defendants failed to follow federal law and violated Section 203(m)—an affirmative defense—in that Defendants unlawfully (1) did not allow Plaintiff to retain all his tips;[3] (2) required Plaintiff to contribute a portion of his tips to an illegal tip pool; (3) required Plaintiff to incur and pay for business expenses; (4) required Plaintiff to perform non-tipped work *unrelated* to Plaintiff's tipped occupation (i.e., "dual jobs"); and (5) required Plaintiff to perform non-tipped work that, although related to Plaintiff's tipped occupation, exceeded twenty percent (20%) of his time worked during each workweek.

7. Defendants' illegal practices in violation of the FLSA have resulted in a forfeiture of the "tip credit." Consequently, Defendants are liable to Plaintiff for the full minimum wage for

---

[3] The term "tip" in this Complaint shall carry the definition assigned to it under 29 C.F.R. § 531.52.

every hour worked during the statutory time period plus all other statutory damages provided for under the FLSA, including liquidated damages, attorneys' fees, and costs.

## II. PARTIES

8. Plaintiff, Josh Ramirez, is an individual and resident of Texas. Plaintiff was employed by Defendants as a server within the three-year period preceding the filing of this lawsuit. At all relevant times mentioned, Plaintiff was an "employee" of Defendants as defined by the FLSA. Plaintiff has consented to be a party-plaintiff to this action as indicated by the notice of consent that will be filed with the Court.

9. Defendant, Perry's Restaurants, LTD, is a limited partnership formed under the laws of Texas and doing business as Perry's Steakhouse and Grille. Defendant operates a restaurant chain commonly known as Perry's Steakhouse and Grille with locations in Texas, Alabama, Colorado, Florida, Illinois, North Carolina, and Tennessee. Defendant can be served with process by serving its registered agent, Christopher V. Perry, at 9821 KATY FREEWAY, SUITE 500, HOUSTON, TEXAS 77024.

10. Defendant Christopher V. Perry, an individual, is individually liable as an "employer" as defined in § 3(d) of the FLSA, 29 U.S.C. § 203(d).[4] Christopher V. Perry is the

---

[4] On June 23, 2020, in *Helgason, et. al. v. Perry's Restaurants LTD, et. al.*, Plaintiffs filed a Notice of Dismissal of Certain Defendants <u>Without</u> Prejudice. *See Helgason, et. al. v. Perry's Restaurants LTD, et. al.*, Case No. 3:20-cv-01573-E, [ECF No. 7], 2021 U.S. Dist. LEXIS 218134 (N.D. Tex.). Therein, Plaintiffs informed the court of the Parties agreement that any Defendant(s) may be rejoined if Plaintiffs or Plaintiffs' counsel subsequently determines that circumstances warrant renaming any of the then dismissed Defendants as an employer of Plaintiffs (as that term is defined in the Fair Labor Standards Act, 29 U.S.C. § 203), and that Plaintiffs' statute of limitations will be tolled. Specifically, pursuant to the Parties' written agreement, all then Plaintiffs and Party-Plaintiffs shall have their statute of limitations tolled as of June 12, 2020, and any individual who joined as a party-plaintiff after June 12, 2020, would have their statute of limitations tolled as of the date their consent was filed with the court.

owner and operator of all Perry's Steakhouse & Grille locations, including all locations in Texas. Christopher V. Perry acts directly or indirectly in the interest of Perry's Steakhouse and Grille in relation to its employees (including Plaintiff) by making operational and strategic decisions affecting employees, including decisions affecting employee compensation and permitting employees to work at Perry's Steakhouse and Grille. Christopher V. Perry can be served at his residence located at 4416 AMARRA DR, AUSTIN, TEXAS 78735-1841, or wherever he may be found.

### III. JURISDICTION AND VENUE

11.     This Court has subject-matter jurisdiction over this matter because the claims in this suit arise under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. Therefore, pursuant to 28 U.S.C. § 1331, this Court has subject-matter jurisdiction.

12.     This Court has personal jurisdiction over Defendants because Defendants are each doing business in Texas, and additionally do business within this district and division. Moreover, Defendants are each employing Texas residents, including Plaintiff, to work at Defendants' restaurants located in Texas.

13.     Venue is proper in the Western District of Texas under 28 U.S.C. § 1391 because each Defendant is a resident of the State of Texas. In addition, Defendant Christopher Perry resides in the Western District of Texas, Austin Division under 28 U.S.C. § 1391(c)(1) because he is domiciled in this Court's judicial district. Therefore, venue is appropriate in the Western District of Texas, Austin Division pursuant to 28 U.S.C. § 1391(b)(1).

## IV.    COVERAGE UNDER THE FLSA

14.    At all relevant times, Defendants have each, individually and jointly, been an "employer" of Plaintiff within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15.    At all relevant times, Defendants have each, individually and jointly, acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

16.    Specifically, Defendant Christopher V. Perry, through his ownership interests in Perry's Steakhouse and Grille, controls the day-to-day decisions of the restaurants by making strategic, operational and policy decisions, and exerting operational control over employees. Moreover, Christopher V. Perry has the power to hire and fire employees, discipline employees, create and enforce employee policies, and set employee compensation. Therefore, Christopher V. Perry is individually liable as an employer as defined in § 3(d) of the FLSA, 29 U.S.C. § 203(d).

17.    At all relevant times, PRL has been an "enterprise" within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r), in that PRL has been, through unified operation or common control, engaged in the performance of related activities for a common business purpose – namely, operating a restaurant called Perry's Steakhouse and Grille – where Plaintiff was employed to work.

18.    At all relevant times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

19. At all relevant times, Plaintiff was an "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) of Defendants who is engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 326 - 329 (5th Cir. 1993). Specifically, as part of his employment, Plaintiff handled food and other food service items that were purchased across state lines or traveled in interstate commerce, or both. In addition, Plaintiff regularly served customers dining at Defendants' restaurants who were traveling from out-of-state or across interstate lines. Finally, Plaintiff regularly and frequently processed multiple interstate credit card transactions during every shift he worked.

### V. PROCEDURAL HISTORY

20. On June 23, 2020, Plaintiff filed his consent to opt-in as a party-plaintiff to the lawsuit, *Helgason, et. al. v. Perry's Restaurants LTD, et. al.*, Case No. 3:20-cv-01573-E.

21. On November 10, 2021, Judge Scholer dismissed all party-plaintiffs ***without prejudice***. *See Helgason, et. al. v. Perry's Restaurants LTD, et. al.*, Case No. 3:20-cv-01573-E, 2021 U.S. Dist. LEXIS 218134 (N.D. Tex.).

22. Plaintiff now brings this lawsuit to pursue his claims individually against Defendants.

### VI. FACTS

23. From approximately August of 2019 until March of 2020, Defendants employed Plaintiff to work as a server, during which time he worked at one of Defendants' restaurant locations. During his employment, Defendants paid Plaintiff a subminimum hourly wage of $2.13 per hour plus tips.

24. Defendants employed Plaintiff as a server within the three (3) year period preceding the filing of this lawsuit and paid him a subminimum wage per hour prior to accounting for the receipt of earned tips.

25. At all times relevant, Plaintiff was Defendants' "employee" as that term is defined by the FLSA and relevant case law. *See e.g.*, *Reich*, 998 F.2d at 327.

26. As part of the payment scheme that Defendants used to compensate Plaintiff, Defendants paid Plaintiff a subminimum hourly wage while purportedly utilizing the tip credit as a defense to Defendants' obligation to pay the full minimum wage. The use of the tip credit results in huge savings to Defendants because Defendants compensate Plaintiff at the significantly reduced hourly wage of $2.13 – requiring customers to bear a large portion of the burden to compensate Plaintiff directly in the form of tips.

27. For instance, during the three-year period preceding the filing of this lawsuit, Defendants employed Plaintiff as a server and paid him $2.13 per hour prior to accounting for the receipt of earned tips. Defendants then purported to rely on the tips Plaintiff earned by applying at least a $5.12 per hour to bring Plaintiff's effective rate of pay, with tips included, up to the required minimum wage of $7.25.

28. In utilizing the tip credit defense, the FLSA specifically sets forth each of the conditions that the employer must satisfy: 1) the employer must inform the employee that it will take a tip credit; and 2) the employer must allow its tipped employees to retain all of their tips, except those tips included in a lawfully administered tip pool. *See* 29 U.S.C. § 203(m).

29. Plaintiff has been victimized by Defendants' payment scheme that violates the FLSA. Specifically, Defendants violated Section 203(m), an affirmative defense, by (1) did not

allow Plaintiff to retain all of his tips; (2) required Plaintiff to contribute a portion of his tips to an illegal tip pool; (3) required Plaintiff to incur business expenses; (4) required Plaintiff to perform non-tipped work *unrelated* to Plaintiff's tipped occupation (i.e., "dual jobs"); and (5) required Plaintiff to perform non-tipped work that, although related to Plaintiff's tipped occupation, exceeded twenty percent (20%) of his time worked during each workweek. Therefore, based upon any one or more of the foregoing violations, Defendants violated the minimum wage provisions of the FLSA as cited in 29 U.S.C. § 206 and are prevented from utilizing the tip credit as an affirmative defense to the payment of the full minimum wage under Section 206.

30. First, Plaintiff was required to contribute 4.5% of his sales from every shift to a tip pool which included bussers and food runners, even if there was not a busser staffed for the position during a particular shift.

31. In addition, Defendants retained portions of Plaintiff's tips, including tips that Plaintiff contributed to the tip pool. For instance, though a portion of the tips that Plaintiff contributed to the tip pool are purportedly earmarked for the busser, the busser did not receive these tips. Instead, Defendants paid the bussers a flat hourly wage, regardless of the amount of tips Plaintiff contributed to the tip pool.

32. Defendants' pattern and practice of retaining tips from the tip pool for vacant positions results in Defendants' forfeiture of the tip credit. *See Wajcman v. Inv. Corp. of Palm Beach*, 620 F. Supp. 2d 1353, 1356 n.3 (S.D. Fla. 2009) (citing 29 U.S.C. § 203(m)) ("[i]f tipped employees are required to participate in a tip pool with other employees who do not customarily receive tips, then the tip pool is invalid and the employer is not permitted to take a 'tip credit.'"); *See also* 29 U.S.C. § 203(m)(2)(B) ("[a]n employer may not keep tips received by its employees

9

for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit.")

33. Because Defendants required Plaintiff to share tips with vacant positions, Defendants failed to adhere to *condition two* of 29 U.S.C. § 203(m) and have thus violated the minimum wage as cited in 29 U.S.C. § 206. Therefore, Defendants are disavowed from using the tip-credit as a defense to the payment of the full minimum wage.

34. In addition, while utilizing the tip credit, Defendants required Plaintiff to pay for various business expenses including check presenters, pens, wine keys, uniforms, such as vests, shirts, and aprons, pepper mills, and crumbers.

35. Defendants' pattern and practice of requiring Plaintiff to incur these business expenses violates federal law as such is a retention of tips and further violates *condition two* of 29 U.S.C. § 203(m). *See e.g., Mayhue's Super Liquor Stores, Inc. v. Hodgson*, 464 F.2d 1196, 1199 (5th Cir. 1972) (holding that a general deduction for cash register shortages tends to "shift part of the employer's business expense to the employees" and is impermissible if the deduction drops cuts into the statutory minimum wage); *Reich v. Priba Corp.*, 890 F. Supp. 586, 596 (N.D. Tex. 1995) ("[t]he FLSA does not permit an employer to transfer to its employees the responsibility for the expense of carrying on an enterprise."); 29 C.F.R. 531.3(d)(1), (2); 29 C.F.R. 531.32(c); *Myers v. Copper Cellar Corp.*, 192 F.3d 546, 554-55 (6th Cir. 1999); *see also Herman v. Collis Foods, Inc.*, 176 F.3d 912, 918 (1999) (recognizing "the FLSA's policy of preventing employers from exploiting § 203(m) deductions for profit.").

36. Defendants further violated the FLSA by enforcing a policy or practice of paying Plaintiff a subminimum hourly wage even when they required Plaintiff to perform non-tipped work that was *unrelated* to his tipped occupation (i.e., "dual jobs").

37. For example, Defendants regularly and frequently required Plaintiff to perform a number of non-tipped duties *unrelated* to his tipped occupation as a server, including but not limited to: polishing glasses, silverware, and plates; cleaning windows; setting up and taking down patio furniture; assisting in kitchen preparation and food preparation; setting up cocktail lounge; and setting up the bread stations.

38. Defendants paid Plaintiff a subminimum hourly wage for all hours Plaintiff worked for Defendants, including for his time spent performing duties that were *unrelated* to Plaintiff's tipped occupation.

39. In addition to performing duties *unrelated* to his job as a server, Defendants also regularly and frequently required Plaintiff to perform a number of non-tipped duties related to his tipped occupation, including but not limited to: wiping down tables, stocking and setting tables, running food, rolling silverware and other "side-work." These nontipped duties related to Plaintiff's tipped occupation exceeded twenty percent (20%) of his time worked during each workweek.

40. Finally, Defendants' method of paying Plaintiff in violation of the FLSA was not based on good-faith and a reasonable belief that its conduct complied with the FLSA. Therefore, an award of liquidated damages is mandatory.

41. Defendants' method of paying Plaintiff in violation of the FLSA was willful and was not based on good-faith or reasonable belief that its conduct complied with the FLSA. Therefore,

a three-year statute of limitations applies due to the willful nature of the violations. 29 U.S.C. § 255(a).

42. Pursuant to the Parties' written agreement, *see Helgason, et. al. v. Perry's Restaurants LTD, et. al.,* Case No. 3:20-cv-01573-E, 2021 U.S. Dist. LEXIS 218134 (N.D. Tex.), [Doc. 7], Plaintiff's statute of limitations for claims against Mr. Perry are tolled as of June 23, 2020.

### VII. CAUSE OF ACTION NO. 1: MINIMUM WAGE VIOLATIONS UNDER THE FAIR LABOR STANDARDS ACT

43. The foregoing paragraphs are fully incorporated herein.

44. Defendants' failure to pay Plaintiff at the full minimum wage rate is a violation of the FLSA's minimum wage requirement. *See* 26 U.S.C. § 206.

45. During the relevant period, Defendants have violated and are violating the provisions of Section 6 of the FLSA, 29 U.S.C. § 206, and 215(a)(2), by employing Plaintiff in an enterprise engaged in commerce or in the production of commerce within the meaning of the FLSA, as aforesaid, and failing to pay such employees at the minimum wage rate.

46. Defendants failed to pay Plaintiff the full minimum wage according to the provisions of the FLSA for each hour and workweek that Plaintiff worked for Defendants during the statutory time period in violation of 29 U.S.C. § 206(a).

47. In addition, to the extent Defendants intend to rely on the "tip credit" as an affirmative defense to the payment of minimum wage, Defendants have violated the tip credit because Defendants: (1) failed to allow Plaintiff to retain all of his tips; (2) required Plaintiff to contribute tips to an illegal tip pool; (3) required Plaintiff to incur business expenses; and (4) required Plaintiff to perform non-tipped work *unrelated* to Plaintiff's tipped occupation; and (5)

required Plaintiff to perform non-tipped work that, although related to Plaintiff's tipped occupation, exceeded twenty percent (20%) of his time worked during each workweek.

48. Defendants' illegal practices in violation of the FLSA have resulted in Defendants' forfeiture of the tip credit, and therefore, Defendants are precluded from relying on tips to supplement Plaintiff's subminimum hourly rate. Consequently, Defendants are liable to Plaintiff for the full minimum wage for every hour worked during the statutory time period plus all other statutory damages provided for under the FLSA.

49. At all times relevant, Defendants compensated Plaintiff less than the federally mandated minimum wage of $7.25 per hour. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendants or Plaintiff.

50. Plaintiff brings this lawsuit under § 201, *et seq.*, of the FLSA to recover unpaid wages, misappropriated tips, liquidated damages, attorneys' fees, and costs.

### VIII. CAUSE OF ACTION NO. 2: UNLAWFUL KICKBACKS UNDER THE FAIR LABOR STANDARDS ACT

51. Plaintiff incorporates by reference the previous paragraphs of the Complaint.

52. The business expenses that Defendants required Plaintiff to pay for and the mandatory tip-outs that Defendants required from Plaintiff constitute unlawful "kick-backs" to an employer, which is proscribed by the FLSA, 29 U.S.C. § 203(m).

53. In addition, section 203(m)(2) provides that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

54. The unlawful kickbacks received or required by Defendants were obtained knowingly, willfully, intentionally, or in bad faith.

55. Plaintiff is entitled to an award of back pay for all unlawful kickbacks required by Defendants.

### IX. DAMAGES SOUGHT

56. The foregoing paragraphs are fully incorporated herein.

57. Plaintiff is entitled to recover compensation for every hour worked at the federally mandated minimum wage rate of $7.25 per hour plus an equal amount as liquidated damages.

58. Plaintiff is entitled to reimbursement of all misappropriated tips plus an equal amount as liquidated damages.

59. Plaintiff is entitled to all his misappropriated funds, including repayment of all expenses Defendants required Plaintiff to incur plus an equal amount as liquidated damages.

60. Plaintiff is entitled to an amount equal to all unpaid wages found due (including all of his misappropriated tips and unlawful expenses incurred) as liquidated damages because Defendants' actions were not based upon good faith. *See* 29 U.S.C. § 216(b).

61. Plaintiff is entitled to recover damages for the past three (3) years because Defendants' violations were willful.

62. Plaintiff is entitled to recover his attorneys' fees and costs as required by the FLSA. *See* 29 U.S.C. § 216(b).

### X. JURY DEMAND

63. Plaintiff demands a trial by jury.

## XI.  PRAYER

64.  Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

   a. For an order pursuant to Section 201, *et seq.*, of the FLSA finding Defendants liable for unpaid wages (including all misappropriated tips and all unlawful expenses incurred) due to Plaintiff, and for liquidated damages equal in amount to the unpaid minimum wages (including all misappropriated tips and paid business expenses) due to Plaintiff;

   b. For an order awarding Plaintiff an amount of pre-judgment interest, as may be appropriate, and post-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

   c. For an order awarding Plaintiff all attorneys' fees incurred;

   d. For an order awarding Plaintiff all costs and expenses incurred in pursuing this action; and

   e. For an order granting any such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

By: */s/ Drew N. Herrmann*
   Drew N. Herrmann
   Texas Bar No. 24086523
   *drew@herrmannlaw.com*

**HERRMANN LAW, PLLC**
801 Cherry St., Suite 2365
Fort Worth, TX 76102
Phone: 817-479-9229
Fax: 817-840-5102

ATTORNEYS FOR PLAINTIFF